**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.  1:15-cv-22527-RNS

| | |
|---|---|
| DAVID B. GOTTESMANN | ) |
| | ) |
|        Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) |
| GNC HOLDINGS, INC., GNC | ) |
| CORPORATION, GENERAL NUTRITION | ) |
| CORPORATION, GENERAL NUTRITION | ) |
| CENTERS, INC., and CONSTELLATION | ) |
| BRANDS U.S. OPERATION, INC. d/b/a | ) |
| CONSTELLATION WINES U.S., INC. | ) |
| | ) |
|        Defendant. | ) |

_____

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

The Defendants, GNC HOLDINGS, INC., GNC CORPORATION, GENERAL NUTRITION CORPORATION, GENERAL NUTRITION CENTERS, INC., (collectively referred to as "GNC") by and through their undersigned attorneys hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states:

1. Admitted for jurisdictional purposes only.

2. Without knowledge and therefore denied.

3. GNC is without sufficient knowledge or information to admit or deny the allegation that Plaintiff allegedly suffered a myocardial infarction and therefore deny all allegations.

4. GNC is without sufficient knowledge or information to respond to the allegations and therefore denies the allegations.

*Gottesman v. GNC et al.*
*Case No.  1:15-cv-22527-RNS*

5.   Admitted that venue is proper in Miami-Dade County, Florida.   All other allegations are denied as phrased.

6.   GNC does not agree to Plaintiff's definition of the word "product."   The packaging and detailed description of "Burn 60" from GNC speak for themselves.

7.   GNC is without sufficient knowledge and information to admit or deny whether Plaintiff purchased, used or ingested "Burn 60."   All allegations of paragraph 60 are denied.

8.   GNC denies the allegations and legal conclusions.

**<u>Defendants</u>**

9.   Admitted that GNC Holdings, Inc. is a Delaware corporation with its principal place of business located in Pennsylvania.

10. GNC denies the allegations in paragraph 10.

11. Admitted that GNC Corporation is Delaware corporation with its principal place of business located in Pennsylvania.

12. GNC denies the allegations in paragraph 12.

13. Admitted that General Nutrition Corporation is Delaware corporation with its principal place of business located in Pennsylvania.

14. GNC denies the allegations in paragraph 14.

15. General Nutrition Centers, Inc. is Delaware corporation with its principal place of business located in Pennsylvania.

16. GNC denies the allegations in paragraph 16.

17. GNC denies the general characterization of the named corporations.   Admitted that GNC sells dietary supplements including a product including the trade name "Burn 60."

*Gottesman v. GNC et al.*
*Case No.  1:15-cv-22527-RNS*

18. Admitted that GNC operates company owned retail stores in the State of Florida and has contractual relationships with franchisees who operate stores under the GNC name.  The dietary supplement which includes the trade name "Burn 60" is sold in both GNC operated and franchise stores in the state of Florida.

19. Admitted.

20. Admitted that Constellation sells a product under the trademark name "Mega Natural."  All other allegations of the paragraph are denied.

21. GNC denies the allegations including all sub-parts.

22. GNC denies the allegations in paragraph 22.

23. GNC denies the allegations in paragraphs 23.

## Count I – Claim of Negligence

The Defendant, GNC, realleges and reavers its responses to paragraphs 1-23 as if fully set forth herein.

24. GNC is without sufficient knowledge or information to respond to the allegations and to therefore denies all allegations in paragraph 24.

25. GNC is without sufficient knowledge or information to respond to the allegations and to therefore denies all allegations in paragraph 25.

26. GNC is without sufficient knowledge or information to respond to the allegations and to therefore denies all allegations in paragraph 26.

27. GNC denies the allegations in paragraph 27.

28. GNC denies the allegations in paragraph 28.

29. GNC denies the allegations in paragraph 29.

30. GNC denies the allegations in paragraph 30.

*Gottesman v. GNC et al.*
*Case No.  1:15-cv-22527-RNS*

31. GNC denies the allegations in paragraph 31 including all sub-parts.

32. GNC denies the allegations in paragraph 32.

## Count II – Claim of Strict Liability Against All Defendants

33. GNC denies the allegations in paragraph 33.

34. GNC denies the allegations in paragraph 34.

35. GNC denies the allegations in paragraph 35.

36. GNC denies the allegations in paragraph 36.

37. GNC denies the allegations in paragraph 37.

38. GNC denies the allegations in paragraph 38.

39. GNC denies the allegations in paragraph 39 including all sub-parts.

40. GNC denies the allegations in paragraph 40.

41. GNC denies the allegations in paragraph 41.

42. GNC denies the allegations in paragraph 42.

43. GNC denies the allegations in paragraph 43.

44. GNC denies the allegations in paragraph 44.

## Count III – Claim Against GNC Defendants for Violations of the Florida Deceptive and Unfair Trade Practices Act

45. GNC denies the allegations in paragraph 45.

46. Denied as phrased.  §501.204, Florida Statutes speaks for itself.

47. GNC denies the allegations in paragraph 47.

48. GNC denies the allegations in paragraph 48.

49. GNC denies the allegations in paragraph 49.

*Gottesman v. GNC et al.*
*Case No.  1:15-cv-22527-RNS*

50. GNC makes representations regarding their products including those marketed under the trademark "Burn 60."  Those representations speak for themselves.

51. Denied.

52. Denied.

53. Denied.

## General Denial

GNC denies each and every allegation not expressly admitted herein.

## Affirmative Defenses

1.   As a first affirmative defense, the Defendant would state that at the time and place alleged in the Plaintiff's Complaint, the Plaintiff was himself at fault in the manner in which he conducted himself and that such fault was the sole legal cause of any loss, injury or damage which he may have sustained and any award that he may be entitled to in this action must therefore be reduced in direct proportion to his comparative fault.

2.   As a second affirmative defense, the Defendant states that Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff failed to follow adequate and effective instructions, directions, warnings, custom and usage in the use of the product that is the subject of this complaint, all of which were, upon information and belief, attached, offered, or provided to Plaintiff on the proper and safe use of the subject product.

3.   As a third affirmative defense, the Defendant states that the Plaintiff's claim and recovery is or may be limited to written warranties applicable to the product which is the subject of this complaint or as otherwise provided by applicable law.

4.   As a fourth affirmative defense, the Defendant asserts that the Plaintiff's claim is or may be barred, in whole or in part, because GNC was an innocent seller of the product or

*Gottesman v. GNC et al.*
*Case No.  1:15-cv-22527-RNS*

ingredient which is the subject of this complaint and did not have an actual or implied knowledge of the alleged defect in the subject product.

5.   As a fifth affirmative defense, the Defendant asserts that the Plaintiff's claim is or may be barred, in whole or in part, because of the negligent, intentional misuse, and/or abnormal use of the subject product.

6.   As a sixth affirmative defense, the Defendant asserts that the Plaintiff's claim is or may be barred, in whole or in part, because the subject product was altered, modified, misused and/or abused after the time it left GNC's control.

7.   As a seventh affirmative defense, the Defendant asserts the Plaintiff's claim is or may be barred, in whole or in part, because GNC complied with all applicable codes, statutes, regulations, standards or specifications established, promulgated or approved by the United States, State of Florida, or by an agency of the United States or of Florida.

8.   As an eight affirmative defense, the Defendant asserts that the Plaintiff's claim is or may be barred, in whole or in part, because the design and manufacturer of the products in question was in conformity with the state of the art and trade custom for the design and manufacture of such or similar products at the time.

9.   As a ninth affirmative defense the Defendant asserts that the Plaintiff's claim is or may be barred, in whole or in part, because GNC did not make any express or implied statements or take any actions, constituting a warranty relating to the alleged defect in the subject product upon which Plaintiff relied.

10. As a tenth affirmative defense, the Defendant asserts that the Plaintiff' claims is or may be barred, in whole or in part, because Plaintiff's alleged injuries or damages is the result of  pre-existing  or  subsequent  conditions  which  are  unrelated  to  any  product  design,

*Gottesman v. GNC et al.*
*Case No. 1:15-cv-22527-RNS*

manufacturer, sold, distributed, marketed or supplied by any of the Defendants to this action including GNC.

      11. As an eleventh affirmative defense, the Defendant asserts that to the extent a duty to warn is found to have existed, the Plaintiff's claim is or may be barred, in whole or in part, because all required warnings regarding the subject product were provided.

### Attorney's Fees

      GNC has retained the undersigned attorneys and agreed to pay them a reasonable fee. GNC demands attorney's fees if they are the prevailing party, under Section 501.2105 Florida Statutes.

### CERTIFICATE OF SERVICE

      I hereby certify that on 8th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    **s/ Paul R. Berg**
        FL Bar # 901172
        VOCELLE & BERG, LLP
        3333 20th Street
        Vero Beach, FL 32960
        Telephone:   (772) 562-8111
        Facsimile:   (772) 562-2870
        Email: PBerg@vocelleberg.com
                Courtdocs@vocelleberg.com
                JGraney@vocelleberg.com